UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE P. MURCHISON,<br><br>      Plaintiff - Appellant,<br><br>      vs.<br><br>JOHN PEDICONE, Dr., in his official capacity as Superintendent of TUSD, MARK STEGEMAN, Dr.; TUSD Board President, MIGUEL CUEVAS, TUSD Board member; MICHAEL HICKS, TUSD Board member; ADELITA GRIJALVA, TUSD Board member; EDITH MACKLIN, former assistant Superintendent of TUSD, Dr.; Elizabeth Celina-Fagen, former superintendent of TUSD, Dr.; JUDY BURNS, TUSD Board Clerk; TUCSON UNIFIED SCHOOL DISTRICT (TUSD), a legal entity,<br><br>      Defendants - Appellees. | No: 12-17480<br><br>D.C. No. 4:11-cv-00281-DTF<br>U.S. District Court for Arizona, Tucson<br><br>**APPELLANT'S OPENING BRIEF** |

Bruce P Murchison
4850 S Lantana Pl
Tucson, Arizona 85730
Ph: (520) 869-1289

Fax (520) 745-8260
murch777@yahoo.com
Pro Se

# INTRODUCTION

This is an action brought pursuant to the 4th and 14th Amendments of the United States Constitution to correct various willful employment practices, policies and procedures implemented by the Defendants (collectively referred to as TUSD) that have denied benefits guaranteed by written contract, TUSD policy and Arizona State Law.

The Plaintiff seeks appropriate injunctive and declaratory relief, as well as monetary damages, for the harm caused to him by the willful actions of the Defendants which have denied him compensation and/or have caused him to be discriminated against by denying him equal protection.

# STATEMENT OF JURISDICTION

Plaintiff Bruce Murchison commenced this action against the Tucson Unified School District and on May 6, 2011. The district court had jurisdiction over this action pursuant to 28 U.S.C. Section 1331. Plaintiffs' request for declaratory relief is authorized by 28 U.S.C. Sections 2201 and 2202, and by Rule 57, Federal Rules of Civil Procedure. The District Court dismissed the Complaint on October 5, 2012. An Appeal was filed on November 2, 2012. This Court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1).

STATEMENT OF THE FACTS

In 2000, voters in Arizona passed Proposition 301 which allowed for a .06 tax rate increase and the distribution of a portion of the general fund to the Arizona Department of Education and local school boards for use as performance pay to teachers. Pursuant to A.R.S. § 15-997, this portion of the fund is to be distributed annually to all school districts which, in turn, are to make payment to individual teachers who are employed by schools that/who have attained goals reflecting certain improvement in student performance and/or other selected areas.

The Defendant voted to accept and utilize a performance-based compensation system pursuant to A.R.S. § 15-997 and, further, issued a "Plan" to be used by schools within the district to create, implement and/or analyze performance goals (hereinafter referred to as "301 goals") to be relied upon at individual schools.  In addition, A.R.S. § 15-997 (C)(10) requires that an appeals process for teachers who have been denied performance based compensation be included. In September of 2007, the Defendant notified Catalina Magnet and other schools that their faculty would not receive performance pay for the 2006/2007 school year, it did not provide the school council at Catalina Magnet the opportunity to determine if extenuating circumstances relating to Catalina Magnet's apparent failure to meet its goals and otherwise failed to provide the Plaintiffs an

opportunity to appeal the decision made. In this regard, the Defendant failed to comply with A.R.S. § 15-997(C)(10) and deprived the Plaintiffs of due process.

## INITIAL COURT ACTION

In November of 2007, litigation was initiated in Pima County Superior Court (Murchison et al v. TUSD). The action was brought pursuant to A.R.S. § 12-1831, *et seq.* The issues at hand were violations of Contract Law and a denial of Due Process. The decision found that TUSD had failed to follow due process or acknowledge improvement shown and allow for the appeals process as mandated. The Court ordered TUSD to grant the teachers of Catalina an appeal meeting to review the data.  Dr. Edith Macklin, the assistant Superintendent for High Schools, and Dr. Elizabeth Fagan, TUSD Superintendent, reviewed data presented by Catalina's Site Council. Neither person returned a favorable decision. It is alleged that the decisions were predetermined due to the fact that the evidence presented was either never addressed (as with Dr. Macklin's response) or minimized (as with Dr. Fagan's). The TUSD Governing Board refused to even look at the data, promotes an attitude of arrogance and disregard for both the Law and the Superior Court's findings and Order.

Based on information regarding student performance at Catalina Magnet published by the Defendant for the school year 2006/2007, the performance goals at issue at Catalina Magnet were, in fact, met or exceeded if an appropriate cohort of

students is considered. In fact, comparison to other schools that were initially denied but subsequently approved, indicate an improvement far greater than the threshold applied to said schools.  The actions of the Defendant complained herein were arbitrary and capricious.  The Plaintiff exhausted his administrative remedies and hereby brought this claim.

## CLAIM FOR DECLARATORY RELIEF COUNT ONE

### TUSD has failed to comply with and violated Equal Protection

As a direct and proximate result of defendants' policies, procedures and practices alleged herein, the equal protection rights of Plaintiff Murchison have been violated.

Other Schools were granted their performance pay upon appeal on data that showed less improvement than Catalina Magnet High School.  Schools were to meet two of three goals to qualify for performance pay.  For schools whose initial data did not show achievement of their 301 site goals, the format of the appeals which were granted approval showed both justification of why the goal(s) was/were not met and demonstrated where the school did improve, thus justifying performance pay. In addition, the appeals process portion of the District Plan contains allowances for extenuating circumstances.

Schools such as Dietz, Jefferson Park, and Vail, among others, explained where their school fell short, but also provided detailed data to give evidence of

improvement in other areas. Based on the whole story, the District 301 committee approved their appeals and granted the performance pay to the teachers.  Catalina Magnet High School (CMHS), among others, was not afforded this same consideration.

The following schools are examples of schools that only met one goal but upon appeal were approved for performance pay:

Corbett elementary school justified not meeting their goals by stating that two of the three grades predicted to improve exceeded expectations and make up for the failure of the third.

Dietz elementary school justified not meeting their goals by stating that upon implementing a new program, performance drops initially and that in addition, it was the fourth grade that brought down the school as a whole.

Hudlow elementary school justified not meeting their goals by stating that there were no cut scores for the first grade on which to base measurement. As a result, combing the scores from the first and second grades allowed them to show an increase which would satisfy the stated goal.

When applying the same standards as applied in these other instances, District data for CMHS shows that the school did in fact merit performance pay as the requirement of two out of three goals being met is evident. In fact, improvement is shown in all three areas, far surpassing the original goals.

In regard to increasing the reading scores on the AIMS test, once a cohort of students is identified, specifically, students who were continuously enrolled over the two years being compared for improvement, an increase of 16.4% is shown. The original goal was 4.375%.

In looking at the benchmark scores for Math, due to the fact that there was no data for the 10 th graders for the 3rd or 4th quarter of the second year of the comparison, the progress was inconclusive using benchmark data. As with the Dietz situation above, a new program had been implemented (Galileo) and the computer program crashed, causing an interruption in data and thus a decrease in scores. When replaced with AIMS data, and using the same cohort as in number 1 above, an increase of 13.9% can be observed. The goal was originally 4.9%. Unexcused absences were reduced by 2.31%, from 57.96% to 55.65%, thus meeting the goal of lowering unexcused absences. Had the appeals process been followed correctly, the administration would have conferred with the Site Council, as mandated by the District Plan for implementing 301 Site Goals. This data would have been presented to the District 301 committee, and following the same format being used by the other approved appeals, Catalina Magnet would have been granted performance pay. In the Superior Court case cited above, Dr. Patty Lopez, the assistant Superintendent, testified that had she seen the appeal data from Catalina Magnet, she would have approved the appeal. Further evidence of

extenuating circumstances was to be presented at trial, but the action was dismissed.

## COUNT 2
## TUSD has committed a Breach of Contract

Defendant TUSD paid out performance pay to the majority of schools but failed to pay the school at which the Plaintiff works. Given the arbitrary and capricious manner in which the Defendant applied its own criteria for satisfaction of meeting 301 Goals, the Plaintiff was deprived of his performance pay, thus constituting a breach of contract.

For relief the Plaintiff prayed that the Court would enter a declaratory judgment pursuant to 28 U.S.C. Section 2201 in favor of Plaintiff Murchison and against Defendants that Defendants' policies, practices, and procedures adopted and implemented to apply to and govern employees performance pay, as alleged herein, are in violation of the US Constitution, Federal and State Law, and TUSD policy. Furthermore, that the Court would issue an order directing Defendants to pay the costs of this litigation, including reasonable attorneys' fees, expert witness fees and other expenses. In addition, that the Court would issue an order directing Defendants to pay Plaintiff's performance compensation denied or lost to him by reason of Defendants' willful violation of the US Constitution, Federal and State Law, and TUSD policy, in amounts that were to be proven at trial, and pay an additional amount as punitive damages for Defendants' willful violation of the US

Constitution, Federal and State Law, and TUSD policy; The Plaintiffs be granted such other and further relief as the court may deem just and proper. The Plaintiff also asked to be granted a trial by jury on all issues of fact.

### A. Appellant's version of the facts must be accepted as true

The trial court resolved the appellees' motion to dismiss for failure to state a claim without holding an evidentiary hearing. Accordingly, all uncontroverted facts alleged by the appellant must be accepted as true, and all conflicting evidence must be viewed in a light most favorable to the appellant. See, e.g. *G.T. Helicopters, Inc. v. Helicopters, Ltd.*, 135 Ariz. 380,382, 661P.2d 230,232 (App.1983); 2 MOORE'S FEDERAL PRACTICE & PROCEDURE § 12.31[5] (3d ed. 2009).

## ISSUE PRESENTED FOR REVIEW

The District Court erroneously dismissed the first count of Equal Protection for failing to state a claim for which relief could be granted. As a result, the court declined to consider the second count of Breach of Contract under supplemental jurisdiction.

## ARGUMENT

I. STANDARD OF REVIEW

**In its reasoning, the trial court stated the following:**

**Standard for Rule 12(b)(6) Motion to Dismiss**
***3** To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The plausibility standard does not amount to a probability requirement, however, it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* In evaluating a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party." *Wyler Summit P'hip v. Turner Broad. Sys. Inc.,* 135 F.3d 658, 661 (9th Cir.1998). However, "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001). Likewise, "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990).

<u>Murchison v. Tucson Unified Sch. Dist.</u>, CV 11-281-TUC-DTF, 2012 WL 4762462 (D. Ariz. Oct. 5, 2012)

In its application of this standard, the court further stated:

**Claim One: Equal Protection**

Plaintiff alleges that TUSD violated the equal protection clause by intentionally and arbitrarily treating the teachers at Catalina Magnet differently than similarly situated teachers from other schools. (Doc. 17 ¶¶ 23, 40, 41.) He asserts that other similarly situated schools with less improvement were granted performance pay on appeal, but Catalina Magnet's appeal was denied. (*Id.* ¶¶ 22, 27, 30, 37.) Plaintiff reasons that the application of different standards on appeal resulted in Catalina Magnet's

loss and denied Murchison and others the performance pay to which they were entitled. (*Id.* ¶¶ 31, 32.)

The Fourteenth Amendment guards against a state's intentional and arbitrary discrimination, either through statute or improper execution of the law through appointed agents. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). As the first step in an equal protection claim based on improper enforcement of a statute, a plaintiff must show that the manner of enforcement results in members of a certain group being treated differently from other persons based on membership in that group. *See Jones v. Helms,* 452 U.S. 412, 423–24, 101 S.Ct. 2434, 69 L.Ed.2d 118, (1981); *Hernandez v. Texas,* 347 U.S. 475, 478, 74 S.Ct. 667, 98 L.Ed. 866 (1954).

Plaintiff has not alleged facts sufficient to establish a prima facie case. As argued by Defendants, denial on appeal is not evidence of differential treatment under the Equal Protection Clause. Plaintiff only points to the fact that Catalina Magnet's appeal was denied while other schools with less improvement were granted performance pay on appeal. These allegations, even if proven, do not make out a prima facie case because inequality is not enough—identical treatment is not mandated by the Constitution. *McQueary v. Blodgett,* 924 F.2d 829, 835 (9th Cir.1991). "There must be an allegation of invidiousness or illegitimacy in [application of] the statutory scheme before a cognizable claim arises: it is a 'settled rule that the Fourteenth Amendment guarantees equal laws, not equal results.' " *Id.* (quoting *Personnel Adm'r of Mass. v. Feeney,* 442 U.S. 256, 273, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979)). Plaintiff's complaint alleges, in essence, that TUSD erroneously decided Catalina Magnet's appeal. This assertion lacks the necessary element of discriminatory intent.

**\*4** The class to which Murchison purportedly belongs is that of teachers at Catalina Magnet school. Discriminatory intent as an element of an equal protection claim requires more than an act of volition, "[i]t implies that the decisionmaker ... selected or affirmed a particular course of action at least in part 'because of' not merely 'in spite of its adverse effects upon an identifiable group." *Id.* at 279. Plaintiff's allegation that Defendants acted intentionally is merely a conclusory and insufficient recitation of an element of equal protection, without sufficient support to be found plausible. *See Iqbal,* 556 U.S. at 680–81 (declining to extend the assumption of truth to conclusory allegations of the elements of constitutional discrimination). Plaintiff alleges no facts that TUSD acted with discriminatory intent towards him or the group of teachers at Catalina Magnet, nor can one infer such intent from the allegations in the Second Amended Complaint. The appeal

was denied "in spite of" the adverse affect on Murchison and the teachers at his school. *Feeney,* 442 U.S. at 279. Plaintiff does not allege that Defendants denied the appeal based on his membership, or the teachers' membership, in a class and that they acted with discriminatory intent—this is fatal to his equal protection claim.

<u>Murchison v. Tucson Unified Sch. Dist.</u>, CV 11-281-TUC-DTF, 2012 WL 4762462 (D. Ariz. Oct. 5, 2012)

The Court stated that the plaintiff must show that the manner of enforcement results in members of a certain group being treated differently from other persons based on membership in that group. By establishing that other teachers from other schools were awarded their performance pay based on the standard being applied differently, the plaintiff showed a difference in treatment. That the other schools (and thus teachers) were treated differently than the plaintiff's school shows a violation of equal protection. The quote "it is a 'settled rule that the Fourteenth Amendment guarantees equal laws, not equal results.' " is misused. If the standard applied to the Plaintiff's school had been "equal" to that of the other schools that had their appeals approved, the results would have been equal.

## CONCLUSION

The trial court erroneously dismissed the action for failure to state a claim. Plaintiff showed that the defendants' treatment of him and the other teachers at his school was arbitrary and capricious and violated the equal protection. The judgment of the trial court should be reversed.

RESPECTFULLY SUBMITTED this 11th day of February, 2013.

By: /s/ Bruce P Murchison

Bruce P Murchison
4850 S Lantana Pl
Tucson, Arizona 85730
Ph: (520) 869-1289
Fax (520) 745-8260
murch777@yahoo.com
Pro Se