FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

MAY 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| BRUCE P. MURCHISON, | No. 12-17480 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-00281-DTF |
| v. | |
| JOHN PEDICONE, Dr., in his official capacity as Superintendent of TUSD; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
D. Thomas Ferraro, Magistrate Judge, Presiding[**]

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Bruce P. Murchison appeals pro se from the district court's judgment

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The parties consented to proceed before a magistrate judge. See 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

dismissing his 42 U.S.C. § 1983 action alleging equal protection and breach of contract claims arising from a denial of performance-based compensation.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  We affirm.

The district court properly dismissed Murchison's equal protection claim because Murchison failed to allege sufficient facts to show that the denial of performance-based compensation was due to his membership in a protected class or without a rational basis.  *See Nurre v. Whitehead*, 580 F.3d 1087, 1098 (9th Cir. 2009) (explaining rational basis review and when it applies to an alleged equal protection violation); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995) (framework for analyzing an equal protection claim).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Murchison's breach of contract claim.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (where all federal claims are eliminated before trial, courts generally should decline to exercise supplemental jurisdiction over remaining state law claims); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (standard of review).

**AFFIRMED.**